UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD HEDRICK | Case Number |
| Plaintiff, | |
| vs. | CIVIL COMPLAINT |
| WELTMAN, WEINBERG & REIS CO., L.P.A. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Leonard Hedrick, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Leonard Hedrick, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant conducts business in the District and maintains a primary office location in this District.

### III. PARTIES

4. Plaintiff, Leonard Hedrick, is an adult natural person residing at 119 Bohannon Drive, Blairsville, GA 30512. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Defendant"), at all times relevant hereto, is and was a limited partnership association engaged in the business of collecting debt within the State of Delaware and the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around March, 2010, Plaintiff started to receive calls to his home from Defendant in regards to a debt allegedly owed on a Discover account.

8. Defendant stated that the Plaintiff owed approximately $9,541.00 on this debt.

9. During that time, Plaintiff informed the Defendant that he had retained the services of the law firm of Persels & Associates to help aid him in his debt negotiations and that they should call them directly in this matter.

10. Even after informing Defendant of his attorney representation, Plaintiff continued to receive calls from them.

11. On or about March 23, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing that they were representing the Plaintiff in their debt settlement and that any further direct contact should come through their office. **See Exhibit "A" (letter) attached hereto**.

12. Plaintiff continued to receive calls from Defendant.

13. Plaintiff again informed the Defendant and their agents that they needed to call and work with Persels.

14. Defendant stated that they would not work with Persels.

15. Defendant threatened the Plaintiff that failure to pay could cause him to be out in jail.

16. Plaintiff continued to receive calls collecting on the above mentioned debt.

17. During the early part of August, 2010, Plaintiff received another call and asked them again to call Persels, Defendant replied, why, we have never received any money from Persels.

18. During that same call, Defendant's agent then proceeded to ask the Plaintiff if he owned any land.

19. Plaintiff responded to the Defendant's agent, that he did not own any land and that he honestly didn't own anything.

20. Before ending the call, the Defendant told the Plaintiff that he would be going to court if he did not a make a payment.

21. Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692(e) | Nonpayment of any debt will result in the arrest or imprisonment of any person |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |

§§ 1692f    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Weltman, Weinberg & Reis Co., L.P.A. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: September 14, 2010            BY: **/s/Bruce K. Warren BKW4066**
Bruce K. Warren, Esq.

**/s/Brent F. Vullings BFV8435**
Brent F. Vullings, Esq.

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff